NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUTHER GRAHAM, *Plaintiff*, v. MONMOUTH COUNTY BUILDINGS AND GROUNDS, DAVID KRZYANOWSKI, ROBERT W. COMPTON, and CRAIG BELL, *Defendants*. | Civil Action No: 16-cv-1578 (PGS) **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter is before the Court on Defendants' second motion for summary judgment. (ECF No. 71, 72, 73).

I.

In brief, Defendants originally brought motions for summary judgment on April 21 and 22, 2017, which this Court granted in part and denied in part on March 20, 2018. After the Court's ruling, the only claims remaining were Count I and Count III for retaliation and hostile work environment against the County and individual Defendants, specific to the circumstances surrounding Plaintiff's application, interview, and rejection for the Crew Supervisor Position. On April 3, 2018, Defendants brought motions for reconsideration. Upon review, the Court granted Defendant Bell's motion for reconsideration, but instructed the other Defendants that if they wish to renew a motion for summary judgment on the crew supervisor position they should file a new

1

motion for summary judgment with a statement of undisputed facts, because their motion for reconsideration was confusing. Thereafter, Defendants filed the motions for summary judgment currently pending before this Court.

Since the facts of this case were explained in detail in the previous motion for summary judgment (ECF 56), this memorandum will be limited to facts relevant to the crew supervisor position.

II.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings

are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, after drawing all inferences in favor of [the non-moving party] and making all credibility determinations in his favor "that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x. 222, 227 (3d Cir. 2007).

III.

There are three motions pending before this Court, one from each of the following: (1) Defendant Monmouth County Buildings and Grounds (hereinafter, "Monmouth County"); (2) Defendant David Krzyanowski; and (3) Defendant Robert Compton[1]. (ECF No.71,73,72). The Court will address Krzyzanowski's motion first.

Defendant Krzyanowski argues that he was not involved in the decision with regard to Graham's application for the the Crew Supervisor position[2]. Krzyanowski became a supervisor of General Services Operations in 2012 and currently holds that position. (SOF ¶3). According to Krzyanowski, due to the Civil Service requirements, the hiring process requires authorization of the County Administrator. (SOF ¶6). Krzyanowski furthers that he did not interview Plaintiff for the Crew Supervisor Building Maintenance Workers position, rather Plaintiff was interviewed by Superintendent Robert Compton. (SOF ¶¶8-9). Initially, the Court notes that Krzyanowski's involvement in the hiring is unclear, and the facts are in dispute. While Krzyanowski argues that

---

[1] Defendant Compton's motion was submitted in the form of a letter-brief and relies on Monmouth County's arguments.

[2] Defendant Krzyanowski did not submit a brief along with this motion.

he was not involved in the hiring process, he stated in his deposition that he provided a recommendation. (T. 35, 5-36, 2) Specifically,

```
5    Q.  Who is Robert Briscoe?
6    A.  Robert Briscoe is -- I'm not sure of
7  his title. I believe he's over with the trades
8  crew.
9    Q.  Do you know when he came into the
0  position that he holds now?
1    A.  Not sure.
2    Q.  You mentioned he's part of the trades
3  crew. Is he one your indirect subordinates?
4    A.  Correct.
5    Q.  Was he one of your direct
6  subordinates when you first came into the
7  position you hold as supervisor?
8    A.  No, he wasn't.
9    Q.  When did he become one of your
0  indirect subordinates?
1    A.  I don't recall when he got that
2  position.
3    Q.  Did you have any involvement in him
4  becoming one of your indirect subordinates, if
                                         Page 36
1  you remember?
2    A.  Recommendations. That's it.
```

(ECF No. 45-5, Ex. O pg. 35:5-36:2).

Based on this factual dispute, a jury may determine Mr. Krzyanowski was involved. As such, summary judgment is denied.

Defendant Monmouth County argues that the Crew Supervisor position was a Civil Service position, requiring a Building Services Promotional Title. (SOF ¶5). Since Plaintiff did not hold the required promotional title, and since he admitted that he had not acquired it (SOF ¶6), he lacked the requisite qualifications to become a Crew Supervisor. Further, according to Defendants' account, Plaintiff interviewed poorly for the position, whereas another applicant, Mr. Briscoe, interviewed exceptionally. (Id. ¶7-9).

Monmouth County submitted a supplemental affidavit of Compton to support its motion. This supplemental affidavit sets forth alleged facts that appear to be inconsistent with the facts outlined in the prior motion. For instance, in the prior motion, Defendant's main argument was that Briscoe was a better interviewer, and during Compton's deposition, he stated he did not know where Plaintiff "fell" with regard to the preferred candidates. In the supplemental affidavit, Compton specifically recalls that Plaintiff fell toward the bottom of the list. Compton explained in his supplemental declaration that he conducted twelve interviews for that specific position, including Plaintiff. The interview consisted of twenty-one questions weighted by importance. Each interviewee's response to the questions are scored on a 0-3 basis. Mr. Briscoe scored 2.47 in the interview, placing him at the top. Plaintiff scored 1.0 and ranked 10 out the 12 people that were interviewed. Plaintiff argues that this information contradicts Compton's deposition testimony, and argues that this information was not previously provided in discovery.

Lastly, all three Defendants argue that there is no evidence of any connection between the retaliation complaints filed by Plaintiff and the Crew Supervisor position, since those complaints were filed prior to the position's posting. More specifically, Defendants argue that Plaintiff filed complaints of some discriminatory actions on February 2, 2015, March 12, 2015, April 30, 2015, June 18, 2015, and October 1, 2015. Since the crew supervisor position was posted on March 8, 2016, Defendants argue that these events lacked any causal proximity to the denial of the Crew Supervisor position. To the contrary, the five months between the last event (October 1, 2015) and March 8, 2016 is sufficient to show temporal proximity.

Overall, this matter still involves genuine issues of material facts that cannot be resolved by the Court via this motion, thus the motions for summary judgment are denied.

## **ORDER**

This matter has been opened to the Court for summary judgment on the crew supervisor position (ECF No.71,72,73) and the Court having considered the moving papers, and for good cause having been shown;

IT IS on this 19th day of September, 2018,

**ORDERED** that Defendant Monmouth County Building and Grounds' second motion for summary judgment (ECF 71) is DENIED; and it is further

**ORDERED** that Defendant Compton's second motion for summary judgment (ECF 72) is DENIED; and it is further.

**ORDERED** that Defendant Krzyanowski's second motion for summary judgment (ECF 73) is DENIED.

                                                  */s/ Peter G. Sheridan*
                                              PETER G. SHERIDAN, U.S.D.J.