UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUTHER GRAHAM, <br><br> Plaintiff, <br> v. <br><br> MONMOUTH COUNTY BUILDINGS AND GROUNDS, et al. <br><br> Defendant. | Civil Action No. 3: 16-cv-1578 <br><br> MEMORANDUM AND ORDER |

Currently pending before this Court are several in limine motions. This memo addresses Plaintiff's motion in limine to exclude about 170 pages of documents regarding the crew supervisor position (the "Documents"). (*See* Supp. Cert. of Robert Compton, ECF No. 98-2).

By way of background, the Documents were not produced during discovery. Defendants disclosed the Documents as an attachment to a second motion for summary judgment. (ECF No. 78). Plaintiff objected to the inclusion of the Documents in the second motion for summary judgment as they were not produced during discovery. Accordingly, on August 6, 2018, the Court ordered that those Documents be stricken from the record for purposes of that motion. (ECF No. 81).

As part of the final pre-trial order, Defendants contended that it would seek admission of the Documents as evidence at trial. By way of this in limine motion, Plaintiff seeks to preclude admission of the Documents at trial, arguing that Defendants failed to produce the Documents during discovery. In response, Defendants have two arguments. First, Defendants argue that these Documents are relevant because they evidence the interviewing process in selecting a crew supervisor, and allegedly this shows the bona fide nature of the hiring practices. Second, Defendants argue that Plaintiff did not demand production of these Documents during discovery.

The latter issue was reviewed at the motion in limine hearing because if there was no demand, production by Defendant may not have been required. Evidently, in Plaintiff's initial

request for documents, Plaintiff sought "comparator evidence" for any positions which were posted, as Plaintiff was not hired for several positions from 2013 through the present, in the maintenance or building and grounds department. This request included the personnel files for internal candidates, resumes, and interview notes and scores. Defendants objected to the question because it was overbroad. Plaintiff, then propounded an amended interrogatory that was more limited. The amended interrogatory demanded information regarding the Project Coordinator position, the Assistant Supervising HVAC Mechanic position, and the Assistant Supervisor Building Service position; but Plaintiff did not mention the Crew Supervisor position. Accordingly, Defendants did not disclose any documents relating to that position. In response, Plaintiff argues Defendants knew the Crew Supervisor position was an issue as it was set forth in the Complaint, and Defendants should have provided the Documents in response to other interrogatories. Defendants did not actually dispute Plaintiff's arguments, except to say, they believed the crew supervisor position was no longer part of this case.

Because of the confusion during discovery, the Court denies Plaintiff's motion to exclude the Documents based on lack of production. However, it appears Defendants knew the crew supervisor position was at issue and strategically relied on the amended interrogatory rather than communicating with Plaintiff's attorney. As such, Plaintiff is entitled to further discovery on the Documents. In addition, the Court is considering awarding costs and legal fees of the Plaintiff's attorney to be paid by the Defendants. As such, Plaintiff shall submit a discovery plan and the parties may brief the award of legal fees to the Plaintiff's attorney.

# ORDER

IT IS on this 10th day of July, 2019;

ORDERED:

1. Plaintiff shall submit a discovery plan (including an estimate of hours and hourly rate) plus any brief which may not exceed eight pages by July 22, 2019;

2. Defendants shall respond by August 2, 2019;

3. Plaintiff may reply by August 9, 2019;

4. The trial is adjourned until December 3, 2019.

_____
PETER G. SHERIDAN, U.S.D.J.