**KENNEY, GROSS, KOVATS & PARTON**
130 Maple Avenue, Bldg. 8,
Red Bank, New Jersey   07701
(732) 530-7500
Attorneys for Defendant
Monmouth County Buildings and Grounds

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
955 Route 34, Suite 200
Matawan, NJ 07747
Tel.: 732-583-7474
Attorneys for Defendant Robert W. Compton

| | |
|---|---|
| LUTHER GRAHAM,<br><br>                    Plaintiff,<br><br>          v.<br><br>MONMOUTH COUNTY BUILDINGS AND GROUNDS, DAVID KRYZANOWSKI, ROBERT W. COMPTON, and CRAIG BELL,<br><br>                   Defendants | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>DOCKET NO. 16-1578(PGS)(LHG)<br><u>CIVIL ACTION</u><br><br>**MOTION RETURNABLE: DECEMBER 2, 2019** |

---

**BRIEF OF DEFENDANTS MONMOUTH COUNTY BUILDINGS AND GROUNDS, DAVID KRYZANOWSKI, AND ROBERT W. COMPTON IN SUPPORT OF MONMOUTH COUNTY BUILDINGS AND GROUNDS AND ROBERT W. COMPTON'S CROSS MOTION FOR SUMMARY JUDGMENT**

---

Of Counsel:
Douglas J. Kovats, Esq., for Defendant
Monmouth County Buildings and Grounds

Micci Weiss, Esq., for Defendant Robert W. Compton

On the Brief:
Daniel R. Roberts, Esq.

Micci Weiss, Esq.

## TABLE OF CONTENTS

**SUBJECT**                             **PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . A

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 1

**LEGAL ARGUMENT**

I. DEFENDANTS DID NOT RETALIATE AGAINST PLAINTIFF. . . . . 2

A. APPLICABLE LEGAL STANDARD FOR RETALIATION . . . . . . . 2

B. THERE IS NO CAUSAL CONNECTION BETWEEN PLAINTIFF'S PROTECTED ACTIVITY AND HIS INABILITY TO OBTAIN THE CREW SUPERVISOR POSITION. . . . . . . . . . . . . . . . . . . 3

   1. Plaintiff was less qualified for the Crew Supervisor Position than Mr. Briscoe . . . . . . . . . . . . . . . 3

   2. There is no temporal proximity between Plaintiff's protected activity and his failure to obtain the Crew Supervisor Position . . . . . . . . . . . . . . . . . . 6

   3. Plaintiff cannot establish any "pattern of antagonism." 6

C. PLAINTIFF WAS NOT QUALIFIED FOR THE CREW SUPERVISOR POSITION, AND THEREFORE COULD NOT BE RETALIATED AGAINST AS A MATTER OF LAW. . . . . . . . . . . . . . . 7

D. THE DEFENDANTS HAD A LEGITIMATE NON-DISCRIMINATORY REASON FOR NOT HIRING PLAINTIFF AS CREW SUPERVISOR. . . 7

E. PLAINTIFF CANNOT ESTABLISH PRETEXT FOR DISCRIMINATION . 8

II. THERE WAS NO RETALIATORY HOSTILE WORK ENVIRONMENT . . . 8

A. APPLICABLE LEGAL STANDARD FOR RETALIATORY HOSTILE WORK ENVIRONMENT . . . . . . . . . . . . . . . . . . . . . . 8

B. PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF RETALIATORY HOSTILE WORK ENVIRONMENT. . . . . . . . . . 9

III. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT SINCE THE UNDISPUTED FACTS ESTABLISH THAT THEY ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW. . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**UNITED STATES SUPREME COURT CASES**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . .   10

Celotex Corp. v. Catrett, 477 U.S. 317 (1986). . . . . . . .   10

Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) . .   9

Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). . . .   9

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986). . . . . . . . . . . . . . . . . . . . .   10

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802
(1973). . . . . . . . . . . . . . . . . . . . . . . . . . . 3,7,8

Meritor Sav. Bank v. Vinson, 477 U.S. 57 (1986) . . . . . .   9

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993). .  3,8

**THIRD CIRCUIT COURT OF APPEALS CASES**

Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201
(3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . 11

Blakney v. City of Philadelphia, 559 F.Appx 183
(3d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . 2,6

Brewer v. Quaker State Refining Corp., 72 F.3d 326, 329-330
(3d. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 10

Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) . . . .  2

Jalil v. Avdel Corp., 873 F.2d 701, 706-07 (3d Cir. 1989). .  3

Jensen v. Potter, 435 F.3d 444, 450
(3d. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . .  9

Robinson v. SEPTA, 982 F.2d 892, 894 (3d Cir.1993). . . . .   2

Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir.),
cert. denied, 522 U.S. 914 (1997). . . . . . . . . . . . . . 2,6

**NEW JERSEY SUPREME COURT CASES**

Taylor v. Metzger, 152 N.J. 490 (1998). . . . . . . . . . . . . 10

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . 10

**PRELIMINARY STATEMENT**

On March 19, 2018, this Court granted summary judgment to Defendants Monmouth County Buildings and Grounds ("County"), Robert W. Compton ("Mr. Compton"), and David Krzyzanowski (collectively "Defendants"), dismissing the vast majority of Plaintiff's complaint. ECF No. 56. On September 5, 2019, this Court ordered that Plaintiff be permitted to engage in supplemental discovery related to the only remaining issues in this matter, i.e. retaliation and retaliatory hostile work environment under Counts I (§ 1981) and III (Title VII), specifically as to the Crew Supervisor Building Maintenance Worker position ("Crew Supervisor Position"). ECF No. 112.

Indeed, the only reason this Court initially denied summary judgment as to the Crew Supervisor Position was because:

> "Defendants only justified not hiring Plaintiff because they interviewed a better candidate. Parties did not provide evidence that the individual that was hired was more or less qualified. Therefore, the Court does not have sufficient information to make a determination of whether this constituted a retaliatory or hostile action."

ECF No. 56, P. 18.

Defendants move again for summary judgment as to the Crew Supervisor Position because the supplemental discovery conducted proves that Robert Briscoe ("Mr. Briscoe"), the individual hired for the Crew Supervisor Position, was the most qualified applicant out of twelve, including Plaintiff.

1

**LEGAL ARGUMENT**

I.   **DEFENDANTS DID NOT RETALIATE AGAINST PLAINTIFF.**

   A.   **APPLICABLE LEGAL STANDARD FOR RETALIATION.**

To survive summary judgment for retaliation, plaintiff must demonstrate that he:

1. Was engaged in a protected activity;
2. Suffered an adverse employment decision; and
3. There was a causal connection between the two.

Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) (holding same legal standard applies to retaliation/hostile work environment claims under § 1981 (Count I) and Title VII (Count III)).  Indeed, Plaintiff must demonstrate that his protected activity was the "but for" cause of the adverse action taken against him. Blakney v. City of Philadelphia, 559 F.Appx 183 (3d Cir. 2014). In limited situations, close temporal proximity between the protected activity and an adverse employment decision may be sufficient to establish a causal link. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir.), cert. denied, 522 U.S. 914 (1997). In the absence of close temporal proximity, a causal connection may be established where there is evidence that "the employer engaged in a pattern of antagonism in the intervening period." Id. at 920-21, citing Robinson v. SEPTA, 982 F.2d 892, 894 (3d Cir.1993).

If Plaintiff meets the three prong test, the McDonnell Douglas analysis shifts the burden to the Defendants, who must then "articulate a legitimate, non-retaliatory reason for the

2

decision." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See also Jalil v. Avdel Corp., 873 F.2d 701, 706-07 (3d Cir. 1989) (McDonnell Douglas burden-shifting analysis applies to both §1981 and Title VII retaliation claims.). Defendants may then rebut the discriminatory presumption by showing there was a "legitimate, nondiscriminatory reason" why the employer preferred another employee. McDonnell Douglas, at 802.  If Defendants successfully rebut the discriminatory presumption, then the burden shifts back to Plaintiff, who must show that the reasons proffered by Defendants are pretextual. Id. at 804. To prove that a proffered reason is a pretext for discrimination, the plaintiff must show "both that the reason was false, and that discrimination was the real reason."  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

**B. THERE IS NO CAUSAL CONNECTION BETWEEN PLAINTIFF'S PROTECTED ACTIVITY AND HIS INABILITY TO OBTAIN THE CREW SUPERVISOR POSITION.**

**1. Plaintiff was less qualified for the Crew Supervisor Position than Mr. Briscoe.**

Plaintiff was not hired for the Crew Supervisor Position because Mr. Briscoe, the hire, was more qualified. Statement of Facts, ¶¶7,8, and 9.  Plaintiff has not produced any evidence that shows his protected activity was why he did not obtain the Crew

3

Supervisor Position.[1]  Importantly, every incident alleged by Plaintiff to have been retaliatory or hostile was dismissed by this court. ECF No. 56.

Indeed, the only reason this Court initially denied summary judgment as to the Crew Supervisor Position was because:

> "Defendants only justified not hiring Plaintiff because they interviewed a better candidate. Parties did not provide evidence that the individual that was hired was more or less qualified. Therefore, the Court does not have sufficient information to make a determination of whether this constituted a retaliatory or hostile action."

ECF No. 56, P. 18.

Now, the supplemental discovery conducted proves that Mr. Briscoe was the most qualified applicant out of twelve, including Plaintiff. Statement of Facts, ¶¶7, 8, and 9. Specifically, the evidence shows that Mr. Compton interviewed twelve (12) individuals who applied for the Crew Supervisor Position, including Plaintiff Luther Graham. Id., ¶7. The interview consisted of 21 questions with percentages of importance. Id. Interview questions were related to required experience, analytical, teamwork, leadership, customer service, business success, and administrative/clerical. Id. Each applicant's response to the questions was scored on a scale of 0-3. Id. The

---

[1] For purposes of this motion only, Defendants assume that Plaintiff engaged in protected activity.

score was noted on each applicant's interview score sheet during the interview at the completion of each question. Id.

Based on the scores from the 12 interviews, Mr. Briscoe scored a 2.47, and was far and away the best candidate, beating the second candidate Kevin Baxter who scored 1.9. Id., ¶8. Importantly, Mr. Briscoe, unlike Plaintiff, had experience in the Building Services promotional title. Id., ¶¶6 and 8. He further had supervisory and management experience from his prior career. Id., ¶8. Also, Mr. Briscoe consistently was able to provide real world examples of how he responded to certain situations he was asked about in the interview. Id.

Mr. Graham received a score of 1.0 and ranked 10/12. Id., ¶9. Mr. Graham did not have the required two (2) years of experience. Id. When explaining his experience to Mr. Compton, Mr. Graham stated his experience consisted of (1) cleaning his area in college; (2) helping his mother clean; (3) knowing how to dust; and (4) prior to college, supervising a volunteer group that vacuumed buildings. Id. Indeed, Mr. Graham's responses did not qualify for two (2) years of experience in facilities management. Id. Contrary to Mr. Briscoe, Mr. Graham consistently was unable to provide real world examples of how he responded to certain situations he was asked about in the interview. Id.

Mr. Graham did not present any evidence as to how he is more qualified for the Crew Supervisor Position than Mr. Briscoe and

5

provided no proof linking the denial of the Crew Supervisor Position to his prior complaints to the County Human Resources Department ("HR").

In light of the undisputed evidence related to Mr. Briscoe's superior qualifications, Plaintiff's lack thereof for the Crew Supervisor Position, and the complete lack of evidence linking denial of the Crew Supervisor Position to Plaintiff's prior complaints to HR, summary judgment dismissing the remainder of Plaintiff's complaint with prejudice is required.

2. **There is no temporal proximity between Plaintiff's protected activity and his failure to obtain the Crew Supervisor Position.**

Here, temporal proximity does not show a causal connection because Plaintiff has not presented any supplemental evidence of retaliatory motive, which is required for temporal proximity greater than 10 days. Blakney, supra. Indeed, nearly 5 months passed between October 1, 2015, Plaintiff's last complaint filed with HR, and March 8, 2016, the posting of the Crew Supervisor Position. Statement of Facts, ¶¶3 and 5. Accordingly, Plaintiff cannot show any causal connection based on temporal proximity.

3. **Plaintiff cannot establish any "pattern of antagonism."**

Plaintiff cannot establish a "pattern of antagonism" during the intervening period between his complaints and when he was not selected for the Crew Supervisor Position. Woodson at 920-21, citing Robinson at 894. Specifically, nothing adverse took place

6

between Plaintiff's October 1, 2015 complaint to HR and the March 8, 2016 Crew Supervisor Position posting. Accordingly, Plaintiff cannot show any causal connection based on a pattern of antagonism.

### C. PLAINTIFF WAS NOT QUALIFIED FOR THE CREW SUPERVISOR POSITION, AND THEREFORE COULD NOT BE RETALIATED AGAINST AS A MATTER OF LAW.

The Crew Supervisor Position is a Civil Service title. Statement of Facts, ¶5. Per the New Jersey Department of Personnel job description, the successful applicant is required to have "two (2) years of experience in work involving the inspection, cleaning and general maintenance of offices, furniture and buildings." Id. Mr. Graham did not have the required two (2) years of experience, explained supra. Id., ¶9.

Because Plaintiff did not have the requisite qualifications under the Civil Service regulations, he was ineligible for the Crew Supervisor Position. Accordingly, his inability to obtain the position cannot constitute retaliation as a matter of law.

### D. THE DEFENDANTS HAD A LEGITIMATE NON-DISCRIMINATORY REASON FOR NOT HIRING PLAINTIFF AS CREW SUPERVISOR.

Assuming arguendo that the Court determines that Plaintiff's claims are not barred pursuant to the arguments presented above, Plaintiff's claims of retaliation fail nonetheless because Defendants have met their burden of showing a legitimate non-discriminatory reason for not hiring Plaintiff as Crew Supervisor. McDonnell Douglas, at 802. Specifically, as discussed above and

7

incorporated herein, Plaintiff was less qualified for the Crew Supervisor Position than Mr. Briscoe. Statement of Facts, ¶¶7,8, and 9.

### E. PLAINTIFF CANNOT ESTABLISH PRETEXT FOR DISCRIMINATION.

Since Defendants can articulate legitimate, non-discriminatory reasons for promoting Mr. Briscoe over Plaintiff, the presumption of discrimination drops from the case. Hicks, 509 U.S. at 507-508. Plaintiff now bears the burden of demonstrating that the proffered reason is really pretext for intentional discrimination. McDonnell Douglas, at 802.

In this case, Plaintiff has no evidence to meet his evidentiary burden. Plaintiff cannot demonstrate that the stated reasons for promoting Mr. Briscoe over Plaintiff are false or are pretext, both of which are required to prove Plaintiff's claim. Hicks, 509 U.S. at 515. Accordingly, Plaintiff's retaliation claims must be dismissed.

### II. THERE WAS NO RETALIATORY HOSTILE WORK ENVIRONMENT.

#### A. APPLICABLE LEGAL STANDARD FOR RETALIATORY HOSTILE WORK ENVIRONMENT

A prima facie case of hostile work environment requires Plaintiff to establish the following:

> (1) Plaintiff suffered intentional discrimination because of his/her protected activity;
> (2) The discrimination was severe or pervasive;
> (3) The discrimination detrimentally affected him or her;

8

>   (4) The discrimination would have detrimentally affected a reasonable person in like circumstances; and
>   (5) A basis for employer liability is present.

Jensen v. Potter, 435 F.3d 444, 450 (3d. Cir. 2006). In assessing whether conduct is severe or pervasive, courts consider the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). However, in considering the totality of the circumstances, courts filter out "simple teasing, offhand comments, and isolated incidents." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

### B. PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF RETALIATORY HOSTILE WORK ENVIRONMENT.

Plaintiff cannot establish a prima facie case of retaliatory hostile work environment because there is no evidence in the record that Plaintiff was denied the Crew Supervisor Position as retaliation for his complaints, discussed supra. Also, Plaintiff cannot show that he was subject to any severe or pervasive discrimination because his only remaining contention is that he was passed over for 1 promotional position. Indeed, Plaintiff must show a pattern of conduct that took place in all but the most extreme of circumstances. Meritor Sav. Bank v. Vinson, 477 U.S. 57

9

(1986); Taylor v. Metzger, 152 N.J. 490 (1998). Here, there is no pattern of conduct. Accordingly, the Court must dismiss this remaining aspect of Plaintiff's complaint.

### III. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT SINCE THE UNDISPUTED FACTS ESTABLISH THAT THEY ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW

The standard for granting a summary judgment motion is well established and is governed by the trilogy of Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), Celotex Corp. v. Catrett, 477 U.S. 317 (1986), and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). A party is entitled to summary judgment when there is no genuine issue of material fact and the evidence establishes that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the evidence overwhelmingly points in one direction, the Court should not hesitate to grant summary judgment. See, e.g., Anderson, supra, at 252 (A properly supported motion for summary judgment cannot be defeated by a mere scintilla of evidence in favor of the nonmoving party.). Where the moving party does not bear the burden of persuasion at trial, the analysis under Fed. R. Civ. P. 56(c) is slightly altered. In such a case, the moving party's burden is simply to point to the absence of evidence to support the nonmoving party's case. Brewer v. Quaker State Refining Corp., 72 F.3d 326, 329-330 (3d. Cir. 1995), citing Celotex, supra, at 322-323. The moving party meets its burden by showing that the nonmoving party's evidence is

10

insufficient for it to prevail at trial. Id. In order to survive summary judgment, the nonmoving party must provide evidence that a reasonable jury could return a verdict in its favor. In essence, it is "essentially 'put up or shut up' time for the nonmoving party: the nonmoving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

In the present matter, no genuine issues of material facts exist that enable Plaintiff to prove any of his alleged remaining causes of action against the Defendants. Accordingly, the Court should grant summary judgment in favor of Defendants and dismiss the remaining counts in Plaintiff's Complaint with prejudice.

## **CONCLUSION**

For all the foregoing reasons, it is respectfully submitted that the Court should grant summary judgment to Defendants Monmouth County Buildings and Grounds and Robert W. Compton.

                                     KENNEY, GROSS, KOVATS & PARTON

                                     /s/ Daniel R. Roberts
                        By:  DANIEL R. ROBERTS

                                     CLEARY GIACOBBE ALFIERI JACOBS, LLC

                        By:  /s/ Micci J. Weiss
                                  MICCI J. WEISS