UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUTHER GRAHAM, <br><br> *Plaintiff*, <br><br> v. <br><br> MONMOUTH COUNTY BUILDINGS AND GROUNDS, et al., <br><br> *Defendants*. | Civil Action No.: 3:16-cv-01578-PGS-LHG <br><br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

Presently before the Court are in limine motions filed by Plaintiff and Defendants. (ECF Nos. 97, 99, 100, and 101). The Court heard oral argument on most of the motions in July 2019; however, additional discovery was permitted on the motions and therefore the Court re-heard oral argument based on new facts on June 8, 2020.

I.

The facts of this case have been set forth in previous summary judgment opinions, (*see* ECF Nos. 56, 84), and the Court incorporates those facts herein. As such, only a brief recitation of the facts is necessary. Plaintiff Luther Graham ("Plaintiff" or "Graham") was a Senior Electrician employed by the Monmouth County Buildings and Grounds Division [hereinafter "County" or "Defendants"]. Throughout his employment, Plaintiff filed various complaints with the County as well as with the U.S. Equal Employment Opportunity Commission (EEOC) and New Jersey Division of Civil Rights (NJDCR) alleging various incidents of discrimination and retaliation. (*See* ECF No. 56 pp. 2-6).

1

Specifically, on or about March 8, 2016, a Crew Supervisor position was posted, for which Plaintiff applied and was interviewed, but subsequently not offered the position. (*Id.* at 8). Defendants argued that the candidate who was hired had a "better interview" (*id.*); however, summary judgment has been repeatedly denied because there remain several factual disputes surrounding the selection process for the Crew Supervisor position.

II.

A motion in limine is designed "to bar irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrow[ing] the evidentiary issues for trial." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). However, "[t]he Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *In re Depomed Patent Litig.*, Civil Action No. 2:13-cv-04507, 2016 U.S. Dist. LEXIS 21489, at *3 (D.N.J. Feb. 22, 2016) (quoting *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996)) (internal quotation marks omitted).

III.

There are several motions in limine in this case. Each is discussed below.

1. Defendants' Motions - ECF No. 97

**A. Defendants' Motion in Limine to Preclude Any Reference to Plaintiff's Written Complaints of March 12, 2015, April 30, 2015, June 18, 2015, July 20, 2015, and October 1, 2015**

At trial, Plaintiff seeks to introduce evidence of his prior complaints on the above-mentioned dates. (*See* Final Pretrial Order, ECF No. 94, at 10-11). Defendants argue that Plaintiff should be precluded from referencing any of his written complaints for the above-mentioned dates, because this Court previously determined that Plaintiff could not prove the elements of retaliation regarding these instances, and thus have no bearing on Plaintiff's remaining claim for retaliation

and hostile work environment regarding the Crew Supervisor position. (Defs.' Br. 4, ECF No. 97). According to Defendants, allowing these documents into evidence would cause undue prejudice to Defendants, because it would allow the jury to infer that Plaintiff was "consistently wronged" when, in fact, this Court previously found each of these incidents did not support claims for retaliation or a hostile work environment. (*Id.*).

In contrast, Plaintiff argues that these complaints are admissible, not to show past incidents of retaliation or a hostile work environment, which are not independently actionable, but as evidence of Plaintiff's protected activity of filing complaints, which is itself a legal element of Plaintiff's retaliation claims. (Pl.'s Br., ECF No. 107, at 10-12). Plaintiff avers that each separate complaint is protected by law, and the jury will be asked to determine whether these complaints were a determinative factor in the County's decision not to hire Graham for the Crew Supervisor position in March 2016. (*Id.* at 12).

At trial, Plaintiff will need to demonstrate that he: (1) engaged in a protected activity; (2) suffered an adverse employment decision; and (3) that there was a causal connection between the two. *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). Plaintiff argues that he invokes the Opposition Clause of Title VII, which "protects 'those who oppose discrimination made unlawful by Title VII.'" *Davis v. City of Newark*, 417 F. App'x 201, 202-03 (3d Cir. 2011) (quoting *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006)). Examples of protected activities include filing complaints and/or lawsuits alleging discrimination. *Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 939 (3d Cir. 2009)). Moreover, protected "opposition" activity "includes not only an employee's filing of formal charges of discrimination against an employer but also informal protests of discriminatory employment practices, including making complaints to management." *Merke v. Lockheed Martin*, 645 F. App'x 120, 124 (3d Cir. 2016).

Still, not every complaint or report entitles its author to protection from retaliation under Title VII; "only complaints about discrimination prohibited by Title VII - that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2 - constitute "protected activity."" *Davis*, 417 F. App'x at 202-03.  For this reason, "[g]eneral complaints of unfair treatment will not suffice." *Id.*  Moreover, a plaintiff need not "prove the merits of the underlying discrimination complaint;" rather, he must have "acted under a good faith, reasonable belief that a violation existed . . . [t]his standard requires an 'objectively reasonable belief' that the activity the plaintiff opposed constituted unlawful discrimination under the relevant statute." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193-94 (3d Cir. 2015).

There are 5 separate internal complaints at issue here.  The Court reviews each in turn:

\*	March 12, 2015 complaint.  In this complaint, Graham alleges that he was being discriminated against based on his race by (former Defendant) Craig Bell, and Defendants Compton and Krzyzanowski; he alleges that he applied for a project coordinator position and was denied an interview because he is a minority; he alleges that the Defendants wanted to "get rid of him"; and finally, he alleges that Defendants made a racist comment referring to "Driving Miss Daisy[1]" when he travels with his direct supervisor, Aaron Kinney. (*See* Roberts Decl., Ex. 4, ECF No. 97-3);

\*	April 30, 2015 complaint.  In this complaint, Plaintiff generally complains of harassment, discrimination, and job promotion discrimination.  (*Id.* at Ex. 6);

---

[1] This is an eponymous reference to a 1989 film depicting an African American man who chauffeurs a White woman in the American South during the mid-to-late 20th century.

4

\*	June 18, 2015 complaint.  Here, Graham alleged that his previous complaints were not addressed by HR and that he was subject to adverse employment actions, namely being harassed about time and discrimination in job promotion.  (*Id.* at Ex. 11);

\*	July 30, 2015 complaint.  Neither party has provided a copy of this complaint, but Defendants describe the complaint as charging "race and reprisal discrimination" against Defendants covering similar areas to his previous complaints.  (Defs.' Br. 6, ECF No. 97-2); and

\*	October 1, 2015 complaint.  Lastly, Plaintiff alleges "on-going differential treatment based on race and reprisal" and that he was not interviewed for an open position and was discriminated against because he is African American.  (Roberts Decl., Ex. 19).

Here, the activity alleged within these complaints describes discrimination prohibited by Title VII—discrimination based on race.  Although the Court previously found that the activity alleged in the complaints was not actionable alone, the complaints themselves are evidence of protectable opposition activity.  Accordingly, the Court determines that the March 12, 2015, April 30, 2015, June 18, 2015, July 20, 2015, and October 1, 2015 complaints are relevant to the issues to be tried at trial, that is, whether Plaintiff was retaliated against for engaging in protected conduct.  The jury can determine whether these complaints contributed to the County's decision not to hire Graham for the Crew Supervisor position.

Therefore, Defendants' motion to preclude reference to Plaintiff's written complaints of March 12, 2015, April 30, 2015, June 18, 2015, July 20, 2015, and October 1, 2015 is DENIED.

**B. Defendants' Motion in Limine to Preclude Any Potential Testimony by Witness Aaron Kinney Regarding His Own Allegations of Harassment or Retaliation Against Him and Defendants' Motion in Limine to Preclude Any Reference to Retaliatory Behavior or Animus Toward Other Employees By The Individual Defendants**

At trial, Plaintiff plans to introduce testimony of Aaron Kinney, Plaintiff's immediate supervisor, to show Kinney's personal experiences with Defendants' alleged discriminatory and/or

5

retaliatory conduct. Plaintiff also plans to introduce the testimony of Kinney regarding alleged comments made by Defendant David Krzyzanowski that show Defendants discriminated against Plaintiff, which resulted in Plaintiff's 2015 complaints, as detailed above. (Pl.'s Opp. Br. 15-16, ECF No. 107). In response, Defendants argue that such testimony would unfairly prejudice them because it would allow the jury to infer that "because Kinney complained, Plaintiff's complaints are somehow more valid than if he did not." (Defs.' Br. 8).

"As a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible . . . to establish whether a defendant's employment action against an employee was motivated by invidious discrimination." *Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 228 (3d Cir. 2008) (citation omitted). However, that evidence "must have a proper purpose and be admissible" under the Federal Rules of Evidence; and, "[t]he proponent of such evidence must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts." *Id.* at 228.

In *Sprint/United Mgmt. Co. v. Mendelsohn*, an age discrimination action, the plaintiff sought to support her claim by introducing the testimony of five other former Sprint employees who also claimed their supervisors had discriminated against them based on their age. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008). The Supreme Court concluded that such evidence is not per se admissible or per se inadmissible, and instead requires a "fact-intensive, context-specific inquiry." *Id.* at 388; *see also Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) ("[T]he question of whether evidence of discrimination against other employees by other supervisors is relevant is fact based and depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.");

*Barnett v. Pa Consulting Grp., Inc.*, 35 F. Supp. 3d 11, 22 (D.D.C. 2014) ("Among the factors relevant to the determination as to whether or not to allow the introduction of 'me too' evidence in employment discrimination cases are whether the alleged discriminatory behavior by the employer is close in time to the events at issue in this case; whether the same decision-makers were involved; whether the witness and the plaintiff were treated in a similar manner; and whether the witness and the plaintiff were otherwise similarly situated.").

In *Mandel v. M&Q Packaging Corp.*, an employment discrimination case, the Third Circuit determined that so-called "me too" evidence was properly excluded, because it consisted of deposition testimony by former employees of defendant's parent company, and not the former defendant itself. *Mandel*, 706 F.3d. at 167-68. Other courts applying *Mandel* have found "me too" evidence permissible where employees were within the same protected group, worked under the same supervisor, and experienced similar circumstances and claims that the plaintiff experienced. *See, e.g., Bumbarger v. New Enter. Stone & Lime Co.*, 170 F. Supp. 3d 801, 823 (W.D. Pa. 2016); *Connearney v. Main Line Hosps., Inc*., No. 15-02730, 2016 U.S. Dist. LEXIS 153745, at *8 (E.D. Pa. Nov. 4, 2016). *But see Troy v. State Corr. Inst. - Pittsburgh*, No. 11-1509, 2013 U.S. Dist. LEXIS 144647, at *15-17 (W.D. Pa. Aug. 14, 2013) (excluding "me too" evidence in a sexual harassment case because "Plaintiffs fail[ed] to expand upon [the other employee's] claim and how it relates to their claims.").

In this case, Graham argues that Kinney has been an employee with Defendants for over twenty years and was Graham's immediate supervisor. (Pl.'s Opp'n Br. 15). According to Plaintiff, Kinney also filed a claim with the EEOC against Defendants, alleging he was subject to retaliation as a result of various complaints of discrimination he made to Defendants. (*Id.*). Plaintiff submitted a copy of Kinney's EEOC "Charge of Discrimination" form, which was filed

7

on February 14, 2017, in which Kinney alleges: (1) in November 2014, he complained about harassment and racism in the workplace, which had been directed towards himself and another worker identified as "LG" (presumably, Plaintiff Luther Graham); (2) since that time he has been subject to significant harassment, such as not having his overtime approved, being micromanaged, and having policies selectively enforced against him; and (3) since he was subpoenaed as a witness in this case, he has been subjected to increased hostility and harassment from his supervisors, such as a disciplinary hearing and recommendation of a five-day suspension without pay. (Kinney EEOC Charge of Discrimination, ECF No. 107-1).

While Kinney's claims may be relevant, there is not enough information at this time for the Court to determine the scope of Kinney's complaints as they relate to Plaintiff's allegations. Accordingly, prior to trial, the Court will hear the testimony of Kinney regarding his own allegations of discrimination to determine the admissibility of such testimony. Thus, this motion is RESERVED until Kinney's testimony is heard.

## C. Defendants' Motion to Preclude Any Reference to Retaliatory Behavior or Animus Toward Other Employees by the Individual Defendants

Defendants argue that Plaintiff will offer testimony that "the Individual Defendants acted with retaliatory animus/behavior towards other employees as a result of their having submitted a complaint to HR." (Defs.' Br. 11). At oral argument, however, counsel for Defendants clarified that they were referring to Aaron Kinney when they mentioned retaliatory behavior toward "other employees." (Hearing Transcript, June 8, 2020, 29:4-5). As such, the Court adopts its reasoning above regarding Kinney's testimony. Therefore, like above, the Court RESERVES its decision on Defendants' motion to preclude any reference to retaliatory behavior or animus toward other employees by the individual defendants.

**D. Defendants Motion to Preclude Reference to or Introduction of Exhibits 4-20 and 29-38 to Evidence**

This motion is DENIED AS MOOT because it has already been decided. (Hearing Tr. 29:9-17).

2. <u>Plaintiff's Motion - ECF No. 99</u>

**A. Plaintiff's Motion in Limine Seeking to Exclude Any Evidence About or Concerning Plaintiff's Prior Claims Which Were Either Waived Prior to Summary Judgment or Dismissed at the Summary Judgment Stage and Plaintiff's Motion in Limine Seeking to Exclude Evidence or Testimony Relating to Prior Complaints Made by Plaintiff Unrelated to the Job Position at Issue in this Case**

Plaintiff seeks an order excluding any evidence concerning "prior [legal] claims which were either waived prior to summary judgment or dismissed at the summary judgment stage." (Pl.'s Br. 5, ECF No. 99). Specifically, Plaintiff refers to legal claims brought in his complaint, specifically his race discrimination claim, which he waived, and another retaliation claim, which was dismissed at summary judgment.

This motion references the five complaints set forth above in Section 1(A). In 1(A), it was agreed by the parties that Defendants could submit relevant evidence with regard to each complaint. Accordingly, Plaintiff's Motion is DENIED.

3. <u>Plaintiff's Motion - ECF No. 100</u>

**A. Plaintiff's Motion Seeking to Exclude Defendant from Referencing the NJDCR's or EEOC's Investigations and Findings Pertaining to Plaintiff's Agency Administrative Proceedings**

Plaintiff sought an order prohibiting Defendants from introducing evidence or testimony concerning his EEOC and NJDCR complaints. (Pl.'s Br. 11, ECF No. 100). Plaintiff apparently received what is commonly referred to as a "Notice of Right to Sue" letter, and Plaintiff asserts that the EEOC investigated his claims, but did not make a finding in Plaintiff's favor and instead terminated the case before the filing of Plaintiff's lawsuit here. (*Id.* at 10). Concerning his NJDCR

9

complaint, Plaintiff claims that he withdrew this complaint so that he can pursue other avenues of redress, including this lawsuit[2]. (*Id.* at 11).

During oral argument, however, Plaintiff's counsel changed its position and withdrew their arguments to the effect that they agreed that the EEOC and NJDCR complaints should be admitted into evidence because they are relevant to the County's investigation of Plaintiff's various complaints. (Hearing Tr. 23:20-23). Therefore, Plaintiff's motion is DENIED AS MOOT.

4. ECF No. 101

**A. Plaintiff's Motion Seeking to Exclude Evidence or Testimony Relating to Prior Complaints Made by Plaintiff Unrelated to the Claims at Issue in This Case**

Lastly, similar to his previous motion, (*see* ECF No. 99), Plaintiff seeks an order excluding evidence of prior complaints he made throughout his tenure with the County that do not relate to the issues at trial. (Pl.'s Br. 11, ECF No. 101). Specifically, Graham seeks to exclude "stale complaints made by Plaintiff in the 1990's[,] early 2000's, mid 2000's and time periods not at issue in this trial." (*Id.* at 8). Plaintiff's main argument is that any complaints he may have made throughout his tenure with the Defendant County—other than in 2015—would serve as impermissible character evidence and would cause the jury to believe that he is litigious and that his claims were frivolous. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

Defendants argue that Plaintiff's request is overbroad because he fails to delineate precisely which complaints he seeks to bar and fails to state the exact time period he thinks would be

---

[2] Plaintiff did not provide copies of the EEOC and NJDCR documents.

10

applicable to the complaints. *See Todman v. Hicks*, 70 V.I. 430, 450 (D.V.I. 2019) (deferring ruling on defendant's motion in limine where no specific evidence was cited by the movant).

Here, Plaintiff's complaints prior to 2005 are far too remote and are therefore excluded as irrelevant. Complaints Plaintiff made between 2005 and 2015, if any, are deferred until such evidence is proffered at trial as relevant[3]. Therefore, Plaintiff's motion is GRANTED IN PART.

## ORDER

This matter having come before the Court on in limine motions filed by the parties (ECF Nos. 97, 99, 100, and 101), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 8th day of July, 2020,

**ORDERED** that Defendants' Motion in Limine to Preclude Any Reference to Plaintiff's Written Complaints of March 12, 2015, April 30, 2015, June 18, 2015, July 20, 2015, and October 1, 2015 (ECF No. 97) is **DENIED**; and it is further

**ORDERED** that Defendants' Motion in Limine to Preclude Any Potential Testimony by Witness Aaron Kinney Regarding His Own Allegations of Harassment or Retaliation Against Him (ECF No. 97) is **RESERVED**. Prior to trial, the Court will conduct a hearing regarding the scope and admissibility of Kinney's testimony; and it is further

**ORDERED** that Defendants' Motion in Limine to Preclude Any Potential Testimony or Reference to Retaliatory Behavior or Animus Toward Other Employees by the Individual Defendants (ECF No. 97) is **RESERVED**; and it is further

---

[3] Still, if Graham testifies during trial on direct examination on any issues that occurred before 2005, then Defendants may cross-examine him on such issues. *See* 4 Weinstein's Federal Evidence § 611.03[2] (2020).

**ORDERED** that Defendants Motion in Limine to Preclude Reference to or Introduction of Exhibits 4-20 and 29-38 (ECF No. 92) is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's Motion in Limine Seeking to Exclude Any Evidence About or Concerning Plaintiff's Prior Claims Which Were Either Waived Prior to Summary Judgment or Dismissed at the Summary Judgment Stage (ECF No. 99) is **DENIED**.

**ORDERED** that Plaintiff's Motion Seeking to Exclude Defendant from Referencing the NJDCR's or EEOC's Investigations and Findings Pertaining to Plaintiff's Agency Administrative Proceedings (ECF No. 100) is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's Motion in Limine Seeking to Exclude Evidence or Testimony Relating to Prior Complaints Made by Plaintiff Unrelated to the Job Position at Issue in this Case (ECF No. 101) is **GRANTED IN PART**.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.